**ELDER CONSTRUCTION, INC., Petitioner,**

v.

**The CITY OF COLLEYVILLE, Respondent.**

No. D–1294.

Supreme Court of Texas.

Sept. 16, 1992.

Rehearing Overruled Nov. 18, 1992.

Garrett Morris, Fort Worth, Derral K. Sperry, Houston, for petitioner.

Ross T. Foster, Fort Worth, Stephen C. Brewer, Hurst, for respondent.

On Application for Writ of Error to the Court of Appeals for the Second District of Texas

PER CURIAM.

Elder Construction Co. sued the City of Colleyville for the amount unpaid on a sewer construction contract between them. The City denied liability to Elder, asserting that some of Elder's work had not been performed in a good and workmanlike manner, and some had not been completed at all. The City counterclaimed for the cost of finishing and fixing Elder's work. The district court granted partial summary judgment for Elder, holding that the City had breached the contract and was not entitled to recover damages against Elder, and that Elder was entitled to recover damages from the City. The case was set for trial on the remaining issues, principally the extent to which Elder had completed the work required by the contract, and the amount due.

After the close of the evidence, the trial court withdrew that portion of the summary judgment holding that Elder was not liable to the City for damages, and over Elder's objections submitted questions as to both parties' liability to the jury. The jury found that Elder had breached the contract and was not entitled to damages, and that the City had not breached and was entitled to damages and attorney fees. Elder moved for a mistrial and for judgment non obstante veredicto, again objecting to the withdrawal of the summary judgment after the evidence was closed. The trial court denied both motions and rendered judgment on the verdict. Elder moved for a new trial, which the trial court also denied. The court of appeals affirmed the judgment of the trial court.

Elder complains that it presented evidence at trial in reliance upon the court's ruling in its favor in the partial summary judgment, and that the withdrawal of that ruling at the end of the trial essentially precluded it from presenting evidence on the issue. Concerning this complaint the

court of appeals said only: "The order granting a partial summary judgment was interlocutory and as long as the trial court had plenary jurisdiction, it was free to rescind that order." While we agree with this statement, we do not agree that the trial court was authorized to determine prior to trial that certain issues were established as a matter of law, conduct the trial on that basis, and then withdraw its ruling without affording the parties a fair opportunity to present to the jury their positions on issues no longer taken to be established. It was proper for the trial court to reverse a prior interlocutory ruling upon reconsideration; it was not proper, however, for the trial court to deny the parties a trial on the issues thereby reinjected into the case. *See Cunningham v. Eastham,* 465 S.W.2d 189, 192 (Tex.Civ.App.—1971, writ ref'd n.r.e.).

Accordingly, a majority of this Court grants Elder's application for writ of error, reverses the judgment of the court of appeals, and remands the case to the district court for further proceedings. Tex. R.App.P. 170.