**BI–ED, LTD., Appellant,**

v.

**Larry RAMSEY, Appellee.**

No. 05–94–00849–CV.

Court of Appeals of Texas, Dallas.

Feb. 6, 1995.

Melvin J. Klein, Melvin J. Klein & Associates, Dallas, for appellant.

John M. Gillis, Dallas, for appellee.

Before BAKER, OVARD and BARBER, JJ.

**OPINION**

BARBER, Justice.

In a single point of error, Bi–Ed, Ltd. (Bi–Ed) asserts the trial court erred in vacating an interlocutory partial summary judgment after trial. We overrule Bi–Ed's point of error and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a property dispute. Bi–Ed owned a rural tract of land adjoining Larry Ramsey's land in Collin County. Both pieces of land are within the City of Parker. Ramsey platted his tract and dedicated a fifty foot-wide road. As platted, the road was one foot off of Bi–Ed's property line ("the strip"). The City of Parker approved Ramsey's platting.

Bi–Ed disputed whether Ramsey retained ownership of the strip. Bi–Ed took the position that the strip was part of the dedicated road. Bi–Ed sued Ramsey[1] for access to the road under the strip and gore doctrine[2] and sought damages for wrongful denial of access to the road.

Bi–Ed sought partial summary judgment regarding whether the strip was part of the road. The trial court granted Bi–Ed's motion for partial summary judgment and held that the strip was part of the road and not retained by Ramsey. The case then proceeded to trial to determine damages for denial of access.

Over Bi–Ed's objection, the trial court submitted questions to the jury as to whether Ramsey retained the strip. The jury found the following: (1) Bi–Ed did not suffer any damage as a result of Ramsey's wrongful denial of access; (2) at the time of dedication, the strip had benefit and importance to Ramsey; and (3) Ramsey intentionally retained or reserved the strip for his use or benefit.

The trial court granted Ramsey's motion for judgment on the verdict and to set aside the interlocutory summary judgment.[3]

## ANALYSIS

On appeal, Bi–Ed does not complain that the trial court erred in submitting the issues regarding reservation of the strip to the jury. Nor does Bi–Ed complain that the trial court did not give Bi–Ed notice of its intent to set aside the interlocutory summary judgment and submit the issue to the jury. *Bi–Ed's sole contention on appeal is that the trial court could not set aside the interlocutory summary judgment after trial.* As authority for its position, Bi–Ed relies on *Elder Construction, Inc. v. City of Colleyville*, 839 S.W.2d 91 (Tex.1992) (per curiam). Bi–Ed misplaces its reliance.

In *Elder Construction*, the supreme court specifically held that a trial court could "reverse a prior interlocutory [summary judgment] ruling upon reconsideration ..." *Elder Constr.*, 839 S.W.2d at 92; *see also Prince v. Peurifoy*, 396 S.W.2d 913, 916–17 (Tex.Civ. App.—Dallas 1965, orig. proceeding) (per curiam) (discussing trial court's discretion to set aside interlocutory orders).

The trial court could set aside its interlocutory summary judgment after trial. We overrule Bi–Ed's point of error and affirm the trial court's judgment.

---

1. The City of Parker was a party below; however, it is not a party to this appeal.

2. The strip and gore doctrine provides that

   Where it appears that a grantor has conveyed all land owned by him adjoining a narrow strip of land that has ceased to be of any benefit or importance to him, the presumption is that the grantor intended to include such strip in such conveyance; unless it clearly appears in the deed, by plain and specific language, that the grantor intended to reserve the strip.

   *Strayhorn v. Jones*, 157 Tex. 136, 300 S.W.2d 623, 638 (1957) (quoting *Cantley v. Gulf Prod. Co.*, 135 Tex. 339, 143 S.W.2d 912, 915 (1940)).

   The strip and gore doctrine applies only when the specific strip is not included in the field notes of the conveyance. *Strayhorn*, 300 S.W.2d at 638.

3. We note the trial court's judgment does not expressly vacate the interlocutory summary judgment. The decretal portion of the judgment provides "IT IS THEREFORE ADJUDGED that Plaintiff recover nothing from Defendant and that costs of suit be taxed against Plaintiff." The judgment does state that Ramsey's "Motion to Reconsider and Set Aside Interlocutory Summary Judgment and for Judgment on Jury Verdict ... should be granted ..."