**BI–ED, LTD., Petitioner,**

v.

**Larry RAMSEY, Respondent.**

No. 95–0442.

Supreme Court of Texas.

Dec. 13, 1996.

Melvin J. Klein, Robert M. Greenberg, Dallas, for Petitioner.

John M. Gillis, Dallas, for Respondent.

## OPINION

PER CURIAM.

The question presented in this case is whether a trial court is authorized to set aside a partial summary judgment after the conclusion of a jury trial on issues not encompassed by the summary judgment and to then render judgment against the movant. Based on the facts in this record, the trial court erred in denying the movant a new trial once the partial summary judgment was set aside.

This is a dispute between Larry Ramsey, a developer, and Bi–Ed, Ltd., an adjoining property owner, regarding access across and ownership of a one-foot wide strip of land. The strip lies between the boundary of Bi–Ed's property and a road that Ramsey constructed on his property and subsequently dedicated to the City of Parker as a public street. Bi–Ed purchased its property after Ramsey had dedicated the road and after a dispute had arisen between Ramsey and Bi–Ed's predecessor in interest. Ramsey refused to permit Bi–Ed or its predecessor access across the strip, claiming that he had retained ownership at the time he dedicated the strip to the City. Bi–Ed's predecessor in interest brought suit against Ramsey for declaratory judgment, a permanent injunction, and damages for the alleged wrongful obstruction of access to the road. Bi–Ed was substituted as the plaintiff, and Bi–Ed joined the City of Parker as an additional defendant.

The trial court initially granted a motion for partial summary judgment in favor of Bi–Ed, finding that under the strip and gore doctrine, Ramsey's purported intent to reserve the one-foot strip did not clearly appear in the conveyance in plain and specific language. The trial court declared the strip to be the property of the City of Parker. Bi–Ed, as the plaintiff, proceeded to trial on the issue of damages for obstruction of access. However, at the conclusion of the evidence, Ramsey requested, and the trial court submitted, jury questions on the issue of dedication, including the questions of whether the one-foot strip had benefit or importance to Ramsey at the time he dedicated the road and whether Ramsey intentionally reserved or retained the strip. Bi–Ed objected that the trial court had already determined the issue of dedication in the partial summary judgment, and Bi–Ed noted that it was not agreeing to a trial of these issues by consent. Its objections were overruled.

The jury found in favor of Ramsey, and the trial court granted Ramsey's post-trial motion to reconsider and set aside the interlocutory summary judgment. The trial court rendered a take-nothing judgment against Bi–Ed. At the hearing on entry of judgment and in its motion for new trial, Bi–Ed maintained that the trial court had not afforded it an opportunity to present evidence at trial on the issues that had been decided by the partial summary judgment. The trial court denied Bi–Ed's motion for new trial, and Bi–Ed appealed.

In affirming the judgment in favor of Ramsey, the court of appeals, relying on *Elder Construction, Inc. v. City of Colleyville*, 839 S.W.2d 91 (Tex.1992), held that a trial court was free to reverse a prior interlocutory summary judgment on reconsideration. —— S.W.2d ——. However, Bi–Ed does not question the trial court's plenary power, but rather complains that the trial court did not permit it to litigate the issues no longer established by the partial summary judgment.

We held in *Elder* that error occurs when a trial court withdraws a partial summary judgment after the close of evidence in such a manner that a party is precluded from presenting its case on the issues previously decided:

> [W]e do not agree that the trial court was authorized to determine prior to trial that certain issues were established as a matter of law, conduct the trial on that basis, and then withdraw its ruling without affording the parties a fair opportunity to present to the jury their positions on issues no longer taken to be established. It was proper for the trial court to reverse a prior interlocutory ruling upon reconsideration; it was not proper, however, for the trial court to deny the parties a trial on the issues thereby reinjected into the case.

839 S.W.2d at 92.

■ The question in this case is whether Bi–Ed had an opportunity to litigate the

issues that the trial court determined as a matter of law by the partial summary judgment after the trial court set that judgment aside and rendered judgment on the jury's verdict. There is no contention before this Court that the issue of dedication is purely a legal one. Applying *Elder* to the facts before us, we hold that the trial court denied Bi–Ed a fair opportunity to present evidence on issues that the court reinjected into the case by withdrawing the summary judgment.

The City of Parker did not appeal the trial court's judgment. Ramsey contends that since Bi–Ed has no claim of ownership of the strip, Bi–Ed's cause of action can be derived only from the City's ownership interest. Ramsey reasons that the judgment binds the City on the issue of ownership and accordingly that Bi–Ed's application is moot because Bi–Ed no longer has a justiciable interest. The trial court's judgment refused to grant any of the relief that Bi–Ed sought against either Ramsey or the City. Bi–Ed has standing to appeal that adverse judgment, and Ramsey's argument that Bi–Ed no longer has a justiciable interest in this matter is without merit. Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this Court reverses the judgment of the court of appeals and remands the case to the district court for further consideration consistent with this opinion.