Opinion issued January 11, 2007












Opinion issued January 11, 2007




 

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

                         For The

                 First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-01106-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



THEA M. FABIO AND RICHARD L. MERRILL, PRACTICING LAW
UNDER THE FIRM NAME OF FABIO & MERRILL, Appellants

 

V.

 

ALLEN E. ERTEL, Appellee

 

 



On Appeal from County Civil Court at Law No. 4








Harris County, Texas

Trial Court Cause No. 778,892

 

 



O P I N I O N

 

          Thea Fabio and Richard Merrill, practicing law under the firm
name Fabio & Merrill, appeal a take-nothing judgment entered in a bench
trial, following a partial summary judgment granted in their favor that
established, among other things, the terms of a fee agreement between Fabio and
Merrill and appellee, Allen Ertel.  On
appeal, Fabio and Merrill contend the trial court erred in (1) failing to abide
by the earlier partial summary judgment; (2) disregarding the partial summary
judgment without providing notice that it would revisit the issues resolved by
it, effectively depriving Fabio and Merrill the opportunity to present evidence
at trial about these issues; (3) issuing findings of fact and conclusions of
law that are not supported by legally or factually sufficient evidence; and (4)
failing to enter findings of fact and conclusions of law proposed by Fabio and
Merrill.  We conclude that the trial
court erred in reconsidering the partial summary judgment resolving the terms
of the fee agreement without affording notice that the issue would be
reconsidered, effectively denying Fabio and Merrill the opportunity to present
evidence at trial on the issue.  We
therefore reverse and remand the cause for further proceedings.

Factual and Procedural Background

Fabio and Merrill represented Ertel
in two lawsuits and subsequent appeals (“the O’Brien Litigation”) from May 1992
until the litigation concluded in June 2001. 
Fabio and Merrill billed Ertel monthly at a rate of $100 per hour for
attorney time spent on the O’Brien Litigation throughout the nine-year
period.  At the conclusion of the O’Brien
Litigation, Fabio and Merrill requested additional fees pursuant to an alleged
fee agreement originally entered into with Ertel in 1992.  Ertel did not agree with Fabio and Merrill’s
interpretation of their original agreement, and instead remitted a payment of
$9,750 that he believed would satisfy any outstanding fees owed.  Fabio and Merrill did not consider this
payment by Ertel sufficient to satisfy the amount owed to them under their
interpretation of the fee agreement and demanded an additional fee payment from
Ertel.  Ertel refused.  In August 2002, Fabio and Merrill filed this
suit against Ertel.

Fabio and Merrill moved for a partial
summary judgment, and Ertel responded with his own motion for summary
judgment.  In October 2003, the trial court
denied Ertel’s motion for summary judgment and granted, in part, Fabio and
Merrill’s motion for partial summary judgment. 
The trial court ordered, in relevant part:

(b)       It is established that in the O’Brien Litigation,
Defendant recovered legal fees in the amount of $66,000.00, calculated at the
rate of $150.00 per hour on 440 hours, which was attributable to Plaintiffs’
representation of Defendant in the O’Brien Litigation; and

 

(c)       
It is established
that, pursuant to the fee agreement between Plaintiffs and Defendant,
Plaintiffs are entitled to be compensated at the rate of $150.00 per hour for
440 hours of the legal services which Plaintiffs provided Defendant[] in the
O’Brien Litigation and at the rate of $100.00 per hour for all hours in excess
of 440 hours for the legal services which Plaintiffs provided to Defendant in
the O’Brien Litigation.

 

The trial court reserved for trial
“the amount of Plaintiffs’ damages, Plaintiffs’ entitlement to interest and
attorney’s fees, and all other issues raised by Plaintiffs’ pleadings.”

The trial court held a bench trial
and took the case under advisement.[1]  A month later, the trial court entered a
final judgment, ordering that Fabio and Merrill take nothing.  In a separate instrument, issued the
following month, the trial court entered findings of fact and conclusions of
law.  The trial court found, in relevant
part:

3.          
ERTEL retained
MERRILL to represent him on May 4, 1992 and MERRILL sent ERTEL an engagement
letter that same day.  There were some
additional terms contained in the engagement letter which did not conform with
the $100/hour agreement of the parties but MERRILL confirmed to ERTEL that he
would charge him $100/hour for the work done on his cases.  MERRILL stated that the additional terms
included in the engagement letter acknowledged that MERRILL planned to seek
attorney’s fees in ERTEL’s cases at the rate of $150/hour, but that this would
not affect [the] $100/hour rate agreed upon by the parties nor would it’s [sic]
inclusion in the engagement letter result in an increased liability for ERTEL.

 

4.          
During the second
trial in ERTEL’s litigation, MERRILL testified that he spent 350 hours on ERTEL’s
cases up through and including the second trial of the cause.  MERRILL further testified that his fees for a
Motion for New Trial would be $1,000.00; his fees for an appeal to the Court of
Appeals would be $8,000.00 and his fees for an appeal to the Supreme Court of
Texas would be $5,000.00.

 

5.          
The trial court
awarded MERRILL $66,000 for his work on the cases, including his estimated
appellate fees, as he had requested.

 

6.          
Despite the fact
that MERRILL had been awarded all the attorney’s fees he testified to and
requested in the litigation, subsequent to the trial court’s award MERRILL sent
ERTEL a bill, claiming “Makeup of fees not previously charged per engagement
letter – 637.50 x $50.00” in the total amount of $31,875.00.

 

7.          
Despite the fact
that MERRILL had been awarded all the attorney’s fees he testified to and
requested in the litigation, ERTEL sent MERRILL an additional $9,750.00.  This amount represented payment for the
excess time MERRILL claimed he spent on ERTEL’s appeal over and above the amount
he testified to and requested in the litigation for said appeal.

 

8.          
Despite the fact
that MERRILL had been awarded all the attorney’s fees he testified to and
requested in the litigation, on June 19, 1992 he wrote ERTEL and suggested that
ERTEL pay interest on the attorney’s fees awarded and also asked ERTEL to pay
him an additional amount equal to 10% of the recovery, or $63,000.00.

 

9.          
This Court found
that MERRILL was paid for 440 hours of work at $150.00 per hour for all of the
litigation, including the appeals, pursuant to the trial court’s award.

 

10.      MERRILL stated to ERTEL that he shot himself in the
foot with regards to the attorney’s fees he charged in the litigation.

 

The
trial court concluded as follows:

 

1.          
MERRILL and ERTEL
had an agreement that MERRILL would be paid $100.00 per hour for his
representation of ERTEL.  MERRILL did not
prove by a preponderance of the evidence that any other agreement existed
between the parties.

 

2.          
MERRILL was awarded
$66,000.00 as compensation for all his attorney’s fees to which he testified to
[sic] and sought from the trial court for his representation of ERTEL.  MERRILL testified at the trial court that
this amount included his estimated fees for any and all appeals in the
matter.  This amount represented 440
hours at $150.00 per hour.  MERRILL did
not prove by a preponderance of the evidence that this was not his testimony
before the trial court as to his attorney’s fees nor that said testimony was
either untruthful or in error.

 

3.          
ERTEL paid
MERRILL an additional $9,750.00, which represented payment for hours MERRILL
spent on ERTEL’s appeal in excess of the estimated hours he testified to and
sought fees for from the trial court. 
MERRILL did not prove by a preponderance of the evidence that ERTEL owed
him any more than this amount.

 

4.          
MERRILL did not
prove by a preponderance of the evidence that ERTEL failed to satisfy any of
his obligations to MERRILL under the agreement of the parties’ [sic].

 

5.          
MERRILL did not
prove by a preponderance of the evidence that ERTEL had agreed to pay him
interest on any attorney’s fees award or that ERTEL had agreed to pay MERRILL a
bonus on any recovery obtained in the litigation.

 

          Fabio
and Merrill subsequently requested that the trial court enter amended or
additional findings of fact and conclusions of law, but the trial court
declined to do so.

The Partial Summary Judgment

Fabio and Merrill first contend that
the trial court erred in not following the partial summary judgment and issuing
findings of fact and conclusions of law contrary to the partial summary
judgment.  But a partial summary judgment
is interlocutory and thus the trial court retains the right to reconsider it
until it enters a final judgment.  Clark
v. Strayhorn, 184 S.W.3d 906, 909 (Tex. App.—Austin 2006, pet. denied); Loy
v. Harter, 128 S.W.3d 397, 409 (Tex. App.—Texarkana 2004, pet. denied); see
Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex.
1993) (per curiam) (“The trial court also retains continuing control over
interlocutory orders and has the power to set those orders aside any time
before a final judgment is entered.”).

Effect of Revisiting the Partial
Summary Judgment

Fabio and Merrill also contend that
the trial court erred in reconsidering issues decided by the partial summary
judgment without notifying the parties that it would do so, effectively
precluding Fabio and Merrill from presenting evidence in support of these
issues at trial.  The Texas Supreme Court
has held that a trial court should not conduct a trial on the basis of issues
decided as a matter of law before trial and then change its ruling on those
issues, without affording the parties the opportunity to litigate them.  Bi-Ed, Ltd. v. Ramsey, 935 S.W.2d 122,
123 (Tex. 1996) (per curiam); Elder
Constr., Inc. v. City of Colleyville, 839 S.W.2d 91, 92 (Tex.
1992) (per curiam).  We therefore
consider here whether the trial court modified the partial summary judgment by
issuing findings of fact and conclusions of law that are inconsistent with the
issues determined by partial summary judgment. 
If so, we examine whether Fabio and Merrill had a sufficient opportunity
to litigate these issues later revisited and decided differently by the trial
court.  See Bi-Ed, 935 S.W.2d at
123–24.  If we conclude that the trial
court entered findings of fact and conclusions of law inconsistent with the
partial summary judgment, but did not provide Fabio and Merrill with a fair
opportunity to present evidence on the issues that were previously decided by
the partial summary judgment, then we must reverse and remand for further
proceedings.  Id.;
Elder Constr., 839 S.W.2d at 92.

Inconsistency
Between the Judgments

 

In this case, the trial court never
explicitly withdrew the partial summary judgment.  A trial court, however, implicitly modifies
or withdraws a partial summary judgment if its final findings of fact and
conclusions of law are inconsistent with the partial summary judgment.  Loy, 128 S.W.3d at 409.  We thus consider whether the trial court’s
findings of fact and conclusions of law are inconsistent with the partial
summary judgment.

In the partial summary judgment, the
trial court established the terms of the fee agreement between Fabio and
Merrill and Ertel, stating as follows: 

Plaintiffs are entitled to be compensated at the rate
of $150.00 per hour for 440 hours of the legal services which Plaintiffs
provided Defendant[] in the O’Brien Litigation and at the rate of $100.00 per
hour for all hours in excess of 440 hours for the legal services which
Plaintiffs provided to Defendant in the O’Brien Litigation.

 

In contrast, the trial court issued
finding of fact number three, finding that a different fee agreement existed: “MERRILL
confirmed to ERTEL that he would charge him $100/hour for the work done on his
cases,” and “MERRILL stated that . . . this would not affect [the] $100/hour
rate agreed upon by the parties.” 
Furthermore, in conclusion of law number one, the trial court stated,
“MERRILL and ERTEL had an agreement that MERRILL would be paid $100.00 per hour
for his representation of ERTEL.  MERRILL
did not prove by a preponderance of the evidence that any other agreement
existed between the parties.”

          In
the partial summary judgment, the trial court found that the parties agreed
that Ertel would pay Fabio and Merrill $150 per hour for the number of hours
found by the jury and awarded in the O’Brien Litigation for reasonable
attorney’s fees (440 hours) and that Ertel would pay Fabio and Merrill $100 per
hour for any additional hours.  The
findings of fact and conclusions of law determine that the parties agreed to a
$100 per hour rate and nothing more.  We
therefore conclude that the trial court modified the partial summary judgment
via its final findings of facts and conclusions of law as to the terms of the
fee agreement between the parties.

Prejudice     

 

A trial court may change or modify a
partial summary judgment at any time before its plenary power expires because
it is an interlocutory order.  Clark,
184 S.W.3d at 909; Loy, 128 S.W.3d at 409.  The trial court, however, may not “determine
prior to trial that certain issues [are] established as a matter of law,
conduct the trial on that basis, and then withdraw its ruling without affording
the parties a fair opportunity to present . . . their positions on issues no
longer taken to be established.”  Elder
Constr., 839 S.W.2d at 92.  Because
we have determined that the trial court altered the partial summary judgment by
entering conflicting findings of fact and conclusions of law regarding the fee
agreement between the parties, we consider whether Fabio and Merrill
nonetheless had an opportunity to present evidence on the issue of the fee
agreement.

At trial, Fabio and Merrill, as
plaintiffs, presented their case first. 
They did not present any evidence related to the terms of the fee
agreement other than entering the partial summary judgment as their first
exhibit.  Fabio and Merrill’s
presentation focused on (1) the number of hours expended on Ertel’s behalf
during the O’Brien Litigation, and (2) Fabio and Merrill’s attorney’s fees
incurred in this and other litigation related to the recovery of unpaid fees
from Ertel, which Fabio and Merrill also hoped to recover from Ertel.

Ertel, in the presentation of his
case, testified to the terms of the fee agreement.  The trial court allowed this testimony,
overruling Fabio and Merrill’s objection that the testimony was irrelevant
because the terms of the fee agreement had already been decided by the partial
summary judgment.  By allowing Ertel’s
testimony regarding the terms of the fee agreement, the trial court initially
at least implied that it intended to reconsider the terms of the fee agreement.  This may have been a factor in considering
whether the trial court afforded sufficient notice to Fabio and Merrill that it
would revisit these issues, thus requiring Fabio and Merrill to present a case
in rebuttal or move to reopen to produce evidence on the terms of the fee
agreement.  At the conclusion of the
presentation of Ertel’s case, however, the trial court explicitly indicated
that it would not and could not deviate from the partial summary judgment,
stating at one point, in a clear reference to the partial summary judgment, “That’s
already been determined by this Court.  I
don’t have jurisdiction.”  Thus, the
trial court represented that it would not reconsider issues already settled by
the partial summary judgment—namely, the terms of the fee agreement.  Consequently, we conclude that the trial
court, by explicitly indicating that it would follow the partial summary
judgment, effectively denied Fabio and Merrill a fair opportunity to present
evidence on the terms of the fee agreement between Fabio and Merrill and Ertel
before it rendered a judgment.  See
Bi-Ed, 935 S.W.2d at 123; Elder Constr., 839 S.W.2d at 92; see
also Cunningham v. Eastham, 465 S.W.2d 189, 193 (Tex. Civ.
App.—Houston [1st Dist.] 1971, writ ref’d n.r.e.) (noting that, because
pretrial order establishing that appellant had good record title eliminated
necessity for appellant to introduce evidence on issue of record title, and
because appellant, in reliance, did not introduce such evidence, if trial
court’s final findings of fact and conclusions of law had effectively set aside
pretrial order, court would have found such action to be abuse of discretion).

Accordingly, we sustain Fabio and
Merrill’s second issue.  We reverse the
trial court’s final judgment and its findings of fact and conclusions of law,
and remand the case for further proceedings consistent with this opinion.  As we conclude that this issue is
dispositive, we need not address Fabio and Merrill’s remaining issues.  See Tex.
R. App. P. 47.1.

Conclusion

          We
conclude that the trial court modified the partial summary judgment by entering
findings of fact and conclusions of law that are irreconcilable with the trial
court’s partial summary judgment establishing the terms of the fee agreement
between the parties, and that the trial court effectively denied Fabio and
Merrill an opportunity to present evidence on the terms of the fee agreement by
indicating that it would not deviate from the partial summary judgment.  We therefore reverse the judgment of the
trial court and remand the cause for further proceedings.

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1] Judge Landry granted the partial summary
judgment.  Judge Lloyd tried the case to
the bench.