Opinion filed July 3, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00257-CV

_____

**STRAIN FAMILY LIMITED PARTNERSHIP; EJCM STRAIN, LLC; THE ESTATE OF EDD HOMAN STRAIN, DECEASED; CADDO OAKS, LLC; JERRY DELL HAGGERTON; AND LARRY STRAIN, Appellants**

**V.**

**MARTIN WATER MIDSTREAM, LLC AND CORSICAN HOLDINGS, LLC, Appellees**

**On Appeal from the 118th District Court**
**Martin County, Texas**
**Trial Court Cause No. No. 7842**

## M E M O R A N D U M   O P I N I O N

The primary issues raised in this appeal concern the construction of an agreement to utilize injection wells for disposal purposes. However, because in its final judgment the trial court disposed of the only live, pending claim in the case and

*denied* all dispositive motions that sought affirmative relief, we must reverse and remand.

## I. *Factual Background*

The underlying dispute concerns the meaning of certain provisions in a surface use agreement between Appellants, the Strain parties,[1] and Appellees, Martin Water Midstream, LLC and Corsican Holdings, LLC; the affected property is the Strain Ranch in Martin County.

Martin Water sued the Strain parties for breach of the agreement and business disparagement. The Strain parties asserted a counterclaim for declaratory judgment, and they requested that the trial court construe and declare the meaning of a provision in the agreement that governs when Martin Water and Corsican could lay and use pipelines on the Strain Ranch. The Strain parties moved for summary judgment on their counterclaim. Martin Water and Corsican filed a competing motion for summary judgment and, like the Strain parties, requested that the trial court construe and declare the meaning of the agreement. Prior to the trial court's ruling on these motions, the Strain parties twice amended their answer and counterclaim; with each amendment, they continued to ask that the trial court construe and declare the meaning of the pipeline provision in the agreement. They also submitted a second request: that the trial court construe and declare the meaning of the "Term Clause" in the agreement. The Term Clause contains provisions that describe how Martin Water and Corsican may perpetuate the agreement beyond its primary term. Additionally, the Strain parties filed a counterclaim for breach of contract, and they also raised several affirmative defenses to the claims that Martin Water and Corsican had asserted against them.

---

[1]Strain Family Limited Partnership; EJCM Strain, LLC; the Estate of Edd Homan Strain, Deceased; Caddo Oaks, LLC; Jerry Dell Haggerton; and Larry Strain.

On June 30, 2023, the trial court granted Martin Water's and Corsican's motion for summary judgment. In its interlocutory order, the trial court declared that (1) the agreement does not require the drilling of a disposal well prior to the installation of a pipeline, but (2) the agreement does require that no volume of saltwater or other waste liquids could be moved across or removed from the Strain Ranch until a disposal well had been drilled, completed, and equipped to the extent necessary for its capacity to be determined so that a fee, if applicable, could be paid. By the same order, the trial court denied the Strain parties' motion for summary judgment, qualified by the statement above.[2]

Next, Martin Water and Corsican filed a combined traditional and no-evidence motion for partial summary judgment by which they challenged the Strain parties' counterclaims and affirmative defenses. They argued, contrary to the Strain parties' interpretation, that the purpose of the Term Clause in the agreement was to provide that only one disposal well had to be drilled and operated in order to extend the agreement beyond the primary term; they also claimed that there was no evidence to support the Strain parties' affirmative defenses and their breach-of-contract counterclaim.

The Strain parties did not file a competing motion for summary judgment. Instead, in their response to Martin Water's and Corsican's motion, the Strain parties purported to withdraw their claims for breach of contract, unclean hands, and negligence; they maintained only their declaratory judgment claim. Martin Water and Corsican requested that the trial court dismiss the Strain parties' breach-of-contract counterclaim as well as the affirmative defenses set forth in the Strain parties' third amended answer. The Strain parties responded and, in their response,

---

[2]Prior to the entry of this order, the trial court also sent a letter ruling to the parties in which it explained its analysis of the agreement's pipeline requirements.

they focused on the meaning of the agreement's secondary term provision; they did not address Martin Water's and Corsican's assertion regarding the affirmative defenses. After the parties filed their summary judgment responses, Martin Water and Corsican nonsuited all their pending claims against the Strain parties. Thus, at this point, the Strain parties' counterclaim for declaratory relief was the only live, pending claim in the case.

On October 4, 2023, the trial court granted Martin Water's and Corsican's traditional and no-evidence motion for partial summary judgment. In its interlocutory order, the trial court declared that the Term Clause set out in the agreement means that the lessee need only utilize at least one disposal well prior to the end of the primary term to perpetuate the secondary term.[3] On the same day, the trial court signed its final judgment, which is reproduced in its entirety below:

**FINAL JUDGMENT**

On this day, the Court enters this Final Judgment, which resolves all claims and causes of action, as pled, asserted against all parties in this matter. All relief not expressly granted or referenced herein is **DENIED**. All costs and fees are charged against the party incurring same. This Final Judgment resolves all claims, as pled, against all parties and is a final and appealable judgment as of the date below.

**SIGNED THIS** 4th day of October 2023.

## II. *Analysis*

In their third issue, the Strain parties contend that, in its final judgment, the trial court (1) failed to incorporate its previous interlocutory orders by which it granted Martin Water's and Corsican's motions for summary judgment, (2) granted relief inconsistent with its previous interlocutory orders, and (3) therefore effectively

---

[3]As with its first summary judgment order, the trial court preceded this order with a letter ruling explaining its analysis in detail.

4

denied the Strain parties' traditional and no-evidence motions for summary judgment. Consequently, the Strain parties assert that they need not challenge whether the trial court erred when it issued its October 4, 2023, interlocutory summary judgment order and declared that, to perpetuate the secondary term, the agreement only requires that the lessee utilize at least one disposal well prior to the expiration of the primary term. Rather, the Strain parties contend that we should construe and declare the contested provisions of the agreement in their favor and in turn reverse and render the trial court's judgment.

We agree with the Strain parties that in the trial court's final judgment it modified its prior interlocutory orders and in turn denied Martin Water's and Corsican's motions for summary judgment. However, rather than rendering judgment as the Strain parties request, the proper remedy, based on the circumstances before us, is to reverse the trial court's judgment and remand this cause to it for further proceedings.

A. *Final Judgments and Interlocutory Orders*

Our jurisdiction is limited to appeals in which relief is sought from a final or otherwise appealable judgment or order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that an appeal may only be taken from a final judgment that disposes of all parties and pending claims unless an applicable statute provides for an interlocutory appeal).

A trial court's judgment is final if it (1) actually disposes of all parties and claims then before the trial court, or (2) includes unequivocal finality language that expressly disposes of all pending claims and parties. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann*, 39 S.W.3d at 200). "Although no 'magic

5

language' is required,[4] a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (quoting *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019)); *see In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) ("If the order contains a 'clear and unequivocal' finality phrase disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory." (quoting *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018))).

A clear and unequivocal statement of finality must be given effect, even if a review of the record would undermine finality. *Bella Palma*, 601 S.W.3d at 801; *see Lehmann*, 39 S.W.3d at 206 ("An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed."); *Prather v. Callon Petroleum Operating Co., Inc.*, 648 S.W.3d 618, 627–28 (Tex. App.—Eastland 2022, no pet.). Thus, "[i]f the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction." *Bella Palma*, 601 S.W.3d at 802 (citing *Lehmann*, 39 S.W.3d at 206).

The trial court's grant of a partial summary judgment is an interlocutory ruling that is subject to revision or withdrawal as long as the trial court retains its plenary power. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *see Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984). When a trial court renders a partial summary judgment, its judgment is a decision on the merits that remains binding unless it is set aside by the trial court. *OHK Global, Inc. v. Motaghi*, 679 S.W.3d 738, 743 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (citing *Hyundai Motor*

---

[4]The *Lehmann* court explained that an order in which the trial court states that "[t]his judgment finally disposes of all parties and all claims and is appealable" would "leave no doubt about the [trial] court's intention [to enter a final judgment]." *Lehmann*, 39 S.W.3d at 206.

*Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995)); *see Rush v. Barrios*, 56 S.W.3d 88, 98 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("A trial court may, in the exercise of discretion, properly grant summary judgment after having previously denied summary judgment without a motion by or prior notice to the parties, as long as the court retains jurisdiction over the case.").

If the trial court does not set aside, or an appellate court does not reverse, a grant of partial summary judgment, a party may neither relitigate the issues that are the subject to the trial court's partial summary judgment order nor amend its pleadings to reassert the same claims that were resolved by the trial court in its order. *OHK Global*, 679 S.W.3d at 743 (citing *Brumfield v. Williamson*, 634 S.W.3d 170, 211–12 (Tex. App.—Houston [1st Dist.] 2021, pet. denied)). Therefore, "even if the partial summary judgment is an interlocutory one and thus unappealable, it nonetheless is final in the limited sense of having disposed of the issues in question, unless the trial court later changes, modifies, or sets aside its summary-judgment order." *Id.*

B. *The Merger Rule*

Generally, when a trial court signs a final judgment, the trial court's interlocutory orders merge into its final judgment and may be challenged by appealing that judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) (citing *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 924 (Tex. 2011)); *Teer*, 664 S.W.2d at 704. This is true regardless of whether the interlocutory orders are specifically referred to and recited in the final judgment. *See Radelow-Gittens Real Prop. Mgmt. v. Pamex Foods*, 735 S.W.2d 558, 560 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (citing *Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex. 1972); *Runnymede Corp. v. Metroplex Plaza, Inc.*, 543 S.W.2d 4, 5 (Tex. App.—Dallas 1976, writ ref'd)).

However, when a trial court's final judgment recites and contains provisions for relief that is inconsistent with a trial court's prior order(s) or judgment, the final judgment "necessarily replace[s]" the prior order(s) or judgment, even though the final judgment does not reference the prior order(s) or judgment or expressly state an intention to vacate them. *See, e.g.*, *Roccaforte*, 341 S.W.3d at 924; *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 695–96 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (holding that the trial court necessarily vacated its prior summary judgment order when it signed an inconsistent order in which it dismissed all claims based on a forum-selection clause); *Martinez v. SeaHarbor Ins. Agency, LLC*, No. 05-23-00513-CV, 2024 WL 396630, at *4 (Tex. App.—Dallas Feb. 2, 2024, no pet.) (mem. op.) (holding that because the final judgment did not reference the prior summary judgment in the appellant's favor, it necessarily and impliedly reversed or vacated that prior interlocutory ruling where it was inconsistent with the relief included in the prior summary judgment); *Kelly v. Tracy*, No. 01-18-00913-CV, 2022 WL 2837335, at *12 n.8 (Tex. App.—Houston [1st Dist.] July 21, 2022, no pet.) (mem. op.) (holding that the final judgment vacated a prior partial summary judgment order where it did not expressly incorporate the prior summary judgment order and included relief that was inconsistent with the relief ordered in the prior order); *Urelift Gulf Coast, L.P. v. Bennett*, No. 14-13-00949-CV, 2015 WL 495020, at *2 (Tex. App.—Houston [14th Dist.] Feb. 5, 2015, no pet.) (mem. op.) (holding that the trial court vacated a prior summary judgment order, which rendered a declaratory judgment in favor of the defendant but concluded that the defendant was not entitled to attorney's fees, by conducting a trial on the claims for declaratory relief and rendering a final judgment and awarding attorney's fees to the defendant, without incorporating its summary judgment ruling into its final judgment). Such is the case here.

C. *Application to This Appeal*

The final judgment in this case is indeed a final one, even if erroneous, and must be given effect. *See Lehmann*, 39 S.W.3d at 206 (If "the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court. But if the language of the order is clear and unequivocal, it must be given effect."). Here, the final judgment contains a recitation that "[a]ll relief not expressly granted or referenced herein is **DENIED**." And the trial court in its final judgment unequivocally states: "the Court enters this Final Judgment, which resolves all claims and causes of action, as pled, asserted against all parties in this matter" and "[t]his Final Judgment resolves all claims, as pled, against all parties and is a final and appealable judgment." Nevertheless, the trial court did not expressly grant relief to any party in the final judgment, and no prior orders or rulings, interlocutory or otherwise, are either referenced or incorporated into the final judgment. This is significant.

In the trial court's prior interlocutory summary judgment orders, it granted relief in the form of declarations in favor of Martin Water and Corsican. However, and importantly, by its clear and express language, in its final judgment, the trial court "*denies all relief to all parties.*" *See Sunday Canyon Prop. Owners Assoc., Inc. v. Brorman*, No. 07-23-00195-CV, 2024 WL 851513, at *4 (Tex. App.—Amarillo Feb. 28, 2024, pet. denied) (mem. op.) ("Nothing in the final judgment explicitly, clearly, directly, or distinctly mentions the declaratory relief sought by [the appellee]. Implying such relief into the judgment does not fill the void for the simple reason that something implied is not expressed."). Therefore, because in its final judgment the trial court (1) does not reference or incorporate its prior interlocutory summary judgment orders, and (2) instead recites and includes relief that is inconsistent with its interlocutory summary judgment orders, it effectively

replaced and vacated those prior orders and in turn denied *all relief* that was requested by all parties. *See Roccaforte*, 341 S.W.3d at 924.

Moreover, by its language in the final judgment, the trial court also implicitly denied "all claims and causes of action, as pled." Consequently, the trial court denied the Strain parties' counterclaim—the only live, pending claim in the case— and also denied the only dispositive motions filed in the case—the parties' collective motions for summary judgment.

The Strain parties contend that the effect of the trial court's final judgment is this: (1) we need not address the Strain parties' fourth issue in which they challenge the trial court's October 4, 2023, grant of Martin Water's and Corsican's motion for summary judgment—because the final judgment reversed that grant and effectively denied this motion, and (2) because only the Strain parties appealed from the trial court's final judgment, the only matters that we need address are their first and second issues—namely, whether the trial court erred when it denied the Strain parties' motion for summary judgment. They further contend that because Martin Water and Corsican did not file a cross-appeal, the only issue before us is whether the trial court erred when it denied the Strain parties' motion for summary judgment on June 30, 2023. As such, the Strain parties request that we reverse the trial court's judgment and render judgment in their favor and declare that the meaning of the contested terms and provisions in the agreement are in accordance with their proffered interpretation.

The dilemma that we face rests with the language in the trial court's final judgment, language that clearly expresses and constitutes the *denial of all relief* that the parties to this case collectively requested in their pleadings and motions for summary judgment. Generally, the denial of a motion for summary judgment is not reviewable on appeal—unless specific statutory provisions, which are not applicable here, provide for it—because such a denial is not a final, appealable order or

judgment. *Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, 406 S.W.3d 609, 613 (Tex. App.—Eastland 2013, no pet.) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)); *see* CIV. PRAC. & REM. § 51.014(a). And, although the parties filed competing motions in the first summary judgment proceeding, the effect of the trial court's final judgment as recited was to deny *both* motions. Thus, the general rule—that we should render the judgment that the trial court should have rendered when the parties have filed competing motions for summary judgment on the same issues, and the trial court grants one party's motion and denies the other—does not apply here. *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). In sum, the unambiguous effect of the trial court's final judgment was the *denial* of all motions for summary judgment that the parties had presented to the trial court during the pendency of the case below. As we have said, such denials are not reviewable.

Here, based on the circumstances presented, the trial court lacked a legitimate basis to enter a final judgment that disposed of all the parties' claims. *See Estate of Cougot*, No. 08-22-00007-CV, 2022 WL 2866012, at *4 (Tex. App.—El Paso July 21, 2022, pet. denied) (mem. op.) ("[W]e may reverse the trial court's order on the ground that the trial court lacked a basis for entering a final judgment disposing of the parties' claims, and that the order granted more relief than the parties requested."). Moreover, after in its final judgment the trial court reversed its prior interlocutory summary judgment orders, it did not allow the parties an opportunity to litigate the issues it had previously decided as a matter of law prior to trial. *See Heatley v. Red Oak 86, L.P.*, 629 S.W.3d 377, 395 (Tex. App.—Dallas 2020, no pet.) ("[I]f a trial court reverses course on issues it decided as a matter of law prior to trial, it must allow the parties the 'opportunity to litigate the issues' at the trial." (quoting *Bi-Ed, Ltd. v. Ramsey*, 935 S.W.2d 122, 123 (Tex. 1996))); *Maldonado v.*

*Maldonado*, 556 S.W.3d 407, 413 (Tex. App—Houston [1st Dist.] 2018, no pet.) (citing *Elder Constr., Inc. v. City of Colleyville*, 839 S.W.2d 91, 92 (Tex. 1992)).

We conclude that the trial court's final judgment is erroneous and must be reversed. As written, the final judgment granted no relief to any party and dismissed the only live, pending claim in the case without a basis to do so—in essence, it denied all dispositive motions and requests for relief, dispositions which we may not review in this appeal. Accordingly, we sustain the Strain parties' third issue in part. Unfortunately, the trial court's final judgment as drafted prevents us from addressing the propriety of its prior rulings on the merits that the parties seek to challenge on appeal.

## III. *This Court's Ruling*

For the reasons stated, we reverse the judgment of the trial court and remand this cause to it for further proceedings consistent with this opinion. In light of our disposition, we need not address the other issues raised by the Strain parties. *See* TEX. R. APP. P. 47.1.

W. STACY TROTTER
JUSTICE

July 3, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[5]

Williams, J., not participating.

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.