Thea M. FABIO and Richard L. Merrill, Practicing Law Under The Firm Name of Fabio & Merrill, Appellants

v.

Allen E. ERTEL, Appellee.

No. 01–05–01106–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 2007.

Charles A. Botschen, Houston, for appellants.

Gregg L. Goldstein, Andrew M. Edison, Bracewell & Giuliani LLP, Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

Thea Fabio and Richard Merrill, practicing law under the firm name Fabio & Merrill, appeal a take-nothing judgment entered in a bench trial, following a partial summary judgment granted in their favor that established, among other things, the terms of a fee agreement between Fabio and Merrill and appellee, Allen Ertel. On appeal, Fabio and Merrill contend the trial court erred in (1) failing to abide by the earlier partial summary judgment; (2) disregarding the partial summary judgment without providing notice that it would revisit the issues resolved by it, effectively depriving Fabio and Merrill the opportunity to present evidence at trial about these issues; (3) issuing findings of fact and conclusions of law that are not supported by legally or factually sufficient evidence; and (4) failing to enter findings of fact and conclusions of law proposed by Fabio and Merrill. We conclude that the trial court erred in reconsidering the partial summary judgment resolving the terms of the fee agreement without affording notice that the issue would be reconsidered, effectively denying Fabio and Merrill the opportunity to present evidence at trial on the issue. We therefore reverse and remand the cause for further proceedings.

### Factual and Procedural Background

Fabio and Merrill represented Ertel in two lawsuits and subsequent appeals ("the O'Brien Litigation") from May 1992 until the litigation concluded in June 2001. Fabio and Merrill billed Ertel monthly at a rate of $100 per hour for attorney time spent on the O'Brien Litigation throughout the nine-year period. At the conclusion of the O'Brien Litigation, Fabio and Merrill requested additional fees pursuant to an alleged fee agreement originally entered into with Ertel in 1992. Ertel did not agree with Fabio and Merrill's interpretation of their original agreement, and instead remitted a payment of $9,750 that he believed would satisfy any outstanding fees owed. Fabio and Merrill did not consider this payment by Ertel sufficient to satisfy the amount owed to them under their interpretation of the fee agreement and demanded an additional fee payment from Ertel. Ertel refused. In August 2002, Fabio and Merrill filed this suit against Ertel.

Fabio and Merrill moved for a partial summary judgment, and Ertel responded with his own motion for summary judgment. In October 2003, the trial court denied Ertel's motion for summary judgment and granted, in part, Fabio and Merrill's motion for partial summary judgment. The trial court ordered, in relevant part:

(b) It is established that in the O'Brien Litigation, Defendant recovered legal fees in the amount of $66,000.00, calculated at the rate of $150.00 per hour on 440 hours, which was attributable to Plaintiffs' representation of

Defendant in the O'Brien Litigation; and

(c) It is established that, pursuant to the fee agreement between Plaintiffs and Defendant, Plaintiffs are entitled to be compensated at the rate of $150.00 per hour for 440 hours of the legal services which Plaintiffs provided Defendant[ ] in the O'Brien Litigation and at the rate of $100.00 per hour for all hours in excess of 440 hours for the legal services which Plaintiffs provided to Defendant in the O'Brien Litigation.

The trial court reserved for trial "the amount of Plaintiffs' damages, Plaintiffs' entitlement to interest and attorney's fees, and all other issues raised by Plaintiffs' pleadings."

The trial court held a bench trial and took the case under advisement.[1] A month later, the trial court entered a final judgment, ordering that Fabio and Merrill take nothing. In a separate instrument, issued the following month, the trial court entered findings of fact and conclusions of law. The trial court found, in relevant part:

3. ERTEL retained MERRILL to represent him on May 4, 1992 and MERRILL sent ERTEL an engagement letter that same day. There were some additional terms contained in the engagement letter which did not conform with the $100/hour agreement of the parties but MERRILL confirmed to ERTEL that he would charge him $100/hour for the work done on his cases. MERRILL stated that the additional terms included in the engagement letter acknowledged that MERRILL planned to seek attorney's fees in ERTEL's cases at the rate of $150/hour, but that this would not affect [the] $100/hour rate agreed upon by the parties nor would it's [sic] inclusion in the engagement letter result in an increased liability for ERTEL.

4. During the second trial in ERTEL's litigation, MERRILL testified that he spent 350 hours on ERTEL's cases up through and including the second trial of the cause. MERRILL further testified that his fees for a Motion for New Trial would be $1,000.00; his fees for an appeal to the Court of Appeals would be $8,000.00 and his fees for an appeal to the Supreme Court of Texas would be $5,000.00.

5. The trial court awarded MERRILL $66,000 for his work on the cases, including his estimated appellate fees, as he had requested.

6. Despite the fact that MERRILL had been awarded all the attorney's fees he testified to and requested in the litigation, subsequent to the trial court's award MERRILL sent ERTEL a bill, claiming "Makeup of fees not previously charged per engagement letter—637.50 × $50.00" in the total amount of $31,875.00.

7. Despite the fact that MERRILL had been awarded all the attorney's fees he testified to and requested in the litigation, ERTEL sent MERRILL an additional $9,750.00. This amount represented payment for the excess time MERRILL claimed he spent on ERTEL's appeal over and above the amount he

---

1. Judge Landry granted the partial summary judgment. Judge Lloyd tried the case to the bench.

testified to and requested in the litigation for said appeal.

8. Despite the fact that MERRILL had been awarded all the attorney's fees he testified to and requested in the litigation, on June 19, 1992 he wrote ERTEL and suggested that ERTEL pay interest on the attorney's fees awarded and also asked ERTEL to pay him an additional amount equal to 10% of the recovery, or $63,000.00.

9. This Court found that MERRILL was paid for 440 hours of work at $150.00 per hour for all of the litigation, including the appeals, pursuant to the trial court's award.

10. MERRILL stated to ERTEL that he shot himself in the foot with regards to the attorney's fees he charged in the litigation.

The trial court concluded as follows:

1. MERRILL and ERTEL had an agreement that MERRILL would be paid $100.00 per hour for his representation of ERTEL. MERRILL did not prove by a preponderance of the evidence that any other agreement existed between the parties.

2. MERRILL was awarded $66,000.00 as compensation for all his attorney's fees to which he testified to [sic] and sought from the trial court for his representation of ERTEL. MERRILL testified at the trial court that this amount included his estimated fees for any and all appeals in the matter. This amount represented 440 hours at $150.00 per hour. MERRILL did not prove by a preponderance of the evidence that this was not his testimony before the trial court as to his attorney's fees nor that said testimony was either untruthful or in error.

3. ERTEL paid MERRILL an additional $9,750.00, which represented payment for hours MERRILL spent on ERTEL's appeal in excess of the estimated hours he testified to and sought fees for from the trial court. MERRILL did not prove by a preponderance of the evidence that ERTEL owed him any more than this amount.

4. MERRILL did not prove by a preponderance of the evidence that ERTEL failed to satisfy any of his obligations to MERRILL under the agreement of the parties' [sic].

5. MERRILL did not prove by a preponderance of the evidence that ERTEL had agreed to pay him interest on any attorney's fees award or that ERTEL had agreed to pay MERRILL a bonus on any recovery obtained in the litigation.

Fabio and Merrill subsequently requested that the trial court enter amended or additional findings of fact and conclusions of law, but the trial court declined to do so.

### The Partial Summary Judgment

██ Fabio and Merrill first contend that the trial court erred in not following the partial summary judgment and issuing findings of fact and conclusions of law contrary to the partial summary judgment. But a partial summary judgment is interlocutory and thus the trial court retains the right to reconsider it until it enters a final judgment. *Clark v. Strayhorn,* 184 S.W.3d 906, 909 (Tex.App.-Austin 2006, pet. denied); *Loy v. Harter,* 128 S.W.3d 397, 409 (Tex.App.-Texarkana 2004, pet. denied); *see Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993) (per curiam) ("The trial court also retains continuing control over interlocutory orders and has

the power to set those orders aside any time before a final judgment is entered.").

## Effect of Revisiting the Partial Summary Judgment

■ Fabio and Merrill also contend that the trial court erred in reconsidering issues decided by the partial summary judgment without notifying the parties that it would do so, effectively precluding Fabio and Merrill from presenting evidence in support of these issues at trial. The Texas Supreme Court has held that a trial court should not conduct a trial on the basis of issues decided as a matter of law before trial and then change its ruling on those issues, without affording the parties the opportunity to litigate them. *Bi–Ed, Ltd. v. Ramsey,* 935 S.W.2d 122, 123 (Tex.1996) (per curiam); *Elder Constr., Inc. v. City of Colleyville,* 839 S.W.2d 91, 92 (Tex.1992) (per curiam). We therefore consider here whether the trial court modified the partial summary judgment by issuing findings of fact and conclusions of law that are inconsistent with the issues determined by partial summary judgment. If so, we examine whether Fabio and Merrill had a sufficient opportunity to litigate these issues later revisited and decided differently by the trial court. *See Bi–Ed,* 935 S.W.2d at 123–24. If we conclude that the trial court entered findings of fact and conclusions of law inconsistent with the partial summary judgment, but did not provide Fabio and Merrill with a fair opportunity to present evidence on the issues that were previously decided by the partial summary judgment, then we must reverse and remand for further proceedings. Id.; *Elder Constr.,* 839 S.W.2d at 92.

## Inconsistency Between the Judgments

■ In this case, the trial court never explicitly withdrew the partial summary judgment. A trial court, however, implicitly modifies or withdraws a partial summary judgment if its final findings of fact and conclusions of law are inconsistent with the partial summary judgment. *Loy,* 128 S.W.3d at 409. We thus consider whether the trial court's findings of fact and conclusions of law are inconsistent with the partial summary judgment.

In the partial summary judgment, the trial court established the terms of the fee agreement between Fabio and Merrill and Ertel, stating as follows:

Plaintiffs are entitled to be compensated at the rate of $150.00 per hour for 440 hours of the legal services which Plaintiffs provided Defendant[ ] in the O'Brien Litigation and at the rate of $100.00 per hour for all hours in excess of 440 hours for the legal services which Plaintiffs provided to Defendant in the O'Brien Litigation.

In contrast, the trial court issued finding of fact number three, finding that a different fee agreement existed: "MERRILL confirmed to ERTEL that he would charge him $100/hour for the work done on his cases," and "MERRILL stated that ... this would not affect [the] $100/hour rate agreed upon by the parties." Furthermore, in conclusion of law number one, the trial court stated, "MERRILL and ERTEL had an agreement that MERRILL would be paid $100.00 per hour for his representation of ERTEL. MERRILL did not prove by a preponderance of the evidence that any other agreement existed between the parties."

In the partial summary judgment, the trial court found that the parties agreed that Ertel would pay Fabio and Merrill $150 per hour for the number of hours found by the jury and awarded in the O'Brien Litigation for reasonable attorney's fees (440 hours) and that Ertel would pay Fabio and Merrill $100 per hour for any additional hours. The findings of fact

and conclusions of law determine that the parties agreed to a $100 per hour rate and nothing more. We therefore conclude that the trial court modified the partial summary judgment via its final findings of facts and conclusions of law as to the terms of the fee agreement between the parties.

*Prejudice*

■■■ A trial court may change or modify a partial summary judgment at any time before its plenary power expires because it is an interlocutory order. *Clark*, 184 S.W.3d at 909; *Loy*, 128 S.W.3d at 409. The trial court, however, may not "determine prior to trial that certain issues [are] established as a matter of law, conduct the trial on that basis, and then withdraw its ruling without affording the parties a fair opportunity to present ... their positions on issues no longer taken to be established." *Elder Constr.*, 839 S.W.2d at 92. Because we have determined that the trial court altered the partial summary judgment by entering conflicting findings of fact and conclusions of law regarding the fee agreement between the parties, we consider whether Fabio and Merrill nonetheless had an opportunity to present evidence on the issue of the fee agreement.

■ At trial, Fabio and Merrill, as plaintiffs, presented their case first. They did not present any evidence related to the terms of the fee agreement other than entering the partial summary judgment as their first exhibit. Fabio and Merrill's presentation focused on (1) the number of hours expended on Ertel's behalf during the O'Brien Litigation, and (2) Fabio and Merrill's attorney's fees incurred in this and other litigation related to the recovery of unpaid fees from Ertel, which Fabio and Merrill also hoped to recover from Ertel.

Ertel, in the presentation of his case, testified to the terms of the fee agreement. The trial court allowed this testimony, overruling Fabio and Merrill's objection that the testimony was irrelevant because the terms of the fee agreement had already been decided by the partial summary judgment. By allowing Ertel's testimony regarding the terms of the fee agreement, the trial court initially at least implied that it intended to reconsider the terms of the fee agreement. This may have been a factor in considering whether the trial court afforded sufficient notice to Fabio and Merrill that it would revisit these issues, thus requiring Fabio and Merrill to present a case in rebuttal or move to reopen to produce evidence on the terms of the fee agreement. At the conclusion of the presentation of Ertel's case, however, the trial court explicitly indicated that it would not and could not deviate from the partial summary judgment, stating at one point, in a clear reference to the partial summary judgment, "That's already been determined by this Court. I don't have jurisdiction." Thus, the trial court represented that it would not reconsider issues·already settled by the partial summary judgment—namely, the terms of the fee agreement. Consequently, we conclude that the trial court, by explicitly indicating that it would follow the partial summary judgment, effectively denied Fabio and Merrill a fair opportunity to present evidence on the terms of the fee agreement between Fabio and Merrill and Ertel before it rendered a judgment. *See Bi-Ed*, 935 S.W.2d at 123; *Elder Constr.*, 839 S.W.2d at 92; *see also Cunningham v. Eastham*, 465 S.W.2d 189, 193 (Tex.Civ. App.-Houston [1st Dist.] 1971, writ ref'd n.r.e.) (noting that, because pretrial order establishing that appellant had good record title eliminated necessity for appellant to introduce evidence on issue of record title, and because appellant, in reliance, did not introduce such evidence, if trial court's final findings of fact and conclusions of law

had effectively set aside pretrial order, court would have found such action to be abuse of discretion).

Accordingly, we sustain Fabio and Merrill's second issue. We reverse the trial court's final judgment and its findings of fact and conclusions of law, and remand the case for further proceedings consistent with this opinion. As we conclude that this issue is dispositive, we need not address Fabio and Merrill's remaining issues. *See* TEX.R.APP. P. 47.1.

### Conclusion

We conclude that the trial court modified the partial summary judgment by entering findings of fact and conclusions of law that are irreconcilable with the trial court's partial summary judgment establishing the terms of the fee agreement between the parties, and that the trial court effectively denied Fabio and Merrill an opportunity to present evidence on the terms of the fee agreement by indicating that it would not deviate from the partial summary judgment. We therefore reverse the judgment of the trial court and remand the cause for further proceedings.