**Reversed and Remanded and Opinion filed August 21, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00435-CV

---

**WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET BACKED PASS-THROUGH CERTIFICATES, TOM CROFT, NEW CENTURY MORTGAGE CORPORATION, AND CARRINGTON MORTGAGE SERVICES, LLC, Appellants**

**V.**

**MARY ELLEN WOLF AND DAVID WOLF, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, Appellees**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2011-36476**

---

## O P I N I O N

Appellants, Wells Fargo Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset Backed Pass-Through Certificates ("Wells Fargo"), Tom Croft ("Croft"), New Century Mortgage Corporation ("New Century"), and Carrington Mortgage Services, LLC ("Carrington"), appeal an

Order Granting Class Certification on behalf of appellees, Mary Ellen Wolf and David Wolf (collectively "the Wolfs"), On Behalf of Themselves and All Others Similarly Situated. In their suit, the Wolfs seek damages and equitable relief, alleging that (1) appellants incorrectly claim Wells Fargo is lienholder relative to the Wolfs' residential mortgage, and (2) appellants executed and filed fraudulent documents to claim that status. The trial court granted appellants' motion for summary judgment on the Wolfs' claims for damages but denied the motion relative to their request for equitable relief. The trial court then certified a class consisting of allegedly similarly-situated mortgagors on a statutory claim for damages. Because we conclude the trial court erred by certifying a class on a claim that had already been disposed of via summary judgment, we reverse the Order Granting Class Certification and remand for further proceedings.

## I. BACKGROUND

In June 2006, the Wolfs refinanced their mortgage via a home equity loan of $400,000 from New Century. To memorialize the loan, the Wolfs executed a promissory note and a deed of trust in favor of New Century.

On August 1, 2006, three entities executed a Pooling and Servicing Agreement, creating the Carrington Mortgage Loan Trust, Series 2006-NC3 ("the Trust"): New Century as "Servicer;" Wells Fargo as "Trustee;" and an entity who is not a party to the present case as "Depositor." The purpose of the Trust was that loans conveyed into the Trust would be securitized for sale to investors.

Appellants claim that the Wolfs' loan was conveyed into the Trust and thus assigned to Wells Fargo it in its capacity as trustee. On October 20, 2009, Wells Fargo filed with the Harris County clerk a document entitled "Transfer of Lien," indicating it was executed by Croft as an officer of New Century. The document

2

purported to show a transfer of the Wolfs' note and deed of trust from New Century to Wells Fargo, effective September 30, 2009.

Wells Fargo appointed Carrington (successor in interest to New Century, which had filed bankruptcy) as Wells Fargo's attorney-in-fact, with full authority to take actions relative to the loans securitized into the Trust. In December 2010, Carrington sent the Wolfs a notice of intent to foreclose because they were delinquent on the loan. When the Wolfs failed to cure, Wells Fargo filed an application to proceed with a non-judicial foreclosure. In support, Wells Fargo filed an affidavit of Croft, indicating he was signing as an officer of Carrington and attorney in fact for Wells Fargo.

The Wolfs then filed the present suit, alleging appellants were attempting a wrongful foreclosure and the documents intended to support the foreclosure were fraudulent. Because of the filing of this suit, the separate foreclosure action was abated and dismissed. Appellees have filed a counterclaim in the present suit, requesting permission to proceed with the foreclosure.

The Wolfs amended their petition several times to further define the basis for their claims. The Wolfs alleged that (1) their loan was not properly securitized into the Trust in the manner required under the Pooling and Servicing Agreement and other pertinent documents and thus Wells Fargo is not owner and holder of the loan instruments, and (2) appellants filed the Transfer of Lien in the Harris County real property records in a fraudulent attempt to cure defects in the original attempt to convey the loan into the Trust.

The Wolfs asserted a claim for violations of Texas Civil Practice and Remedies Code section 12.002, which provides in pertinent part:

(a)   A person may not make, present, or use a document or other record with:

3

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

. . .

(b) A person who violates Subsection (a) . . . is liable to each injured person for:

(1) the greater of:

(A) $10,000; or

(B) the actual damages caused by the violation;

(2) court costs;

(3) reasonable attorney's fees; and

(4) exemplary damages in an amount determined by the court.

Tex. Civ. Prac. & Rem Code Ann. § 12.002 (West Supp. 2014).

According to the Wolfs, Wells Fargo violated section 12.002(a) by filing the Transfer of Lien in the real property records and, therefore, the Wolfs are entitled to the damages prescribed under section 12.002(b). The Wolfs also sought actual and exemplary damages based on claims for negligence, gross negligence, unjust enrichment, and "money had and received." Further, the Wolfs included a request for declaratory relief.

4

Appellants moved for summary judgment on various grounds, including the statute of limitations. On October 9, 2012, the trial court signed an order granting, in part, and denying, in part, the motion for summary judgment. The trial court granted summary judgment on the Wolfs' claims for damages on the statute-of-limitations ground. The trial court has not signed any order withdrawing that ruling. The trial court denied summary judgment on the Wolfs' equitable claims and denied appellants' motion for reconsideration of that ruling.

Approximately a month after the summary-judgment order, the Wolfs filed an amended petition—their live petition—continuing to plead both their claims for damages and equitable relief. Several days later, the Wolfs filed a motion for class certification on, inter alia, their section 12.002 claim.[1] They alleged that the putative class members also had mortgages which were not properly conveyed into the Trust and Wells Fargo filed fraudulent Transfer of Lien documents relative to these mortgages.

On May 1, 2013, the trial court signed an Order Granting Class Certification. The certified class is defined as:

> All persons and entities with a residential mortgage loan on real property in the State of Texas securitized into [the Trust], with a court record, lien, claim against real property, or claim against an interest in real property filed by Defendants after August 10, 2006 up to and including the date notice is first provided to the Class.

The certified subclass is defined as:

> All persons and entities that lost ownership to real property in the State of Texas resulting from a foreclosure initiated by Wells Fargo . . . as Trustee for [the Trust] after August 10, 2006 up to and including the date notice is first provided to the Class.

---

[1] In several previous amended petitions, the Wolfs alleged a class action, but they did not move for class certification until after the trial court granted summary judgment on the claim for damages and the Wolfs filed their live petition.

5

Appellants now appeal that order. *See* Tex. Civ. Prac. & Rem Code Ann. § 51.014(a)(3) (West Supp. 2014) (authorizing interlocutory appeal of order that certifies a class).

## II. ANALYSIS

On appeal, appellants present four issues challenging the class certification order: (1) the order must be reversed because the trial court previously ruled the Wolfs may not maintain the sole claim they assert on behalf of the class; (2) the order rests on erroneous legal conclusions because (a) the putative class members lack standing to allege violations of the Pooling and Servicing Agreement when they were not parties to the agreement, and (b) the Transfer of Lien documents cannot constitute fraudulent liens within the meaning of section 12.002; (3) the trial court abused its discretion by certifying a class without issuing an adequate trial plan; and (4) the trial court abused its discretion by certifying a class that does not satisfy the commonality, predominance, and superiority requirements of Texas Rule of Civil Procedure 42. We agree with appellants' first issue, and thus we need not consider their remaining issues.

We review a class certification order for abuse of discretion. *Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 696 (Tex. 2008). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles. *Id.*; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court also abuses its discretion if it fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt, L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker*, 827 S.W.2d at 839–40. In the present case, we conclude the trial court failed to correctly analyze or apply the law.

In particular, if a putative class representative has no live individual claim, that individual has no standing to bring suit on behalf of a putative class. *Tex. Commerce Bank v. Grizzle*, 96 S.W.3d 240, 255 (Tex. 2002). Accordingly, claims made on behalf of a putative class by such an individual must fail as a matter of law. *Id.* "'[A] plaintiff without a claim cannot be allowed to bring suit by making a class action allegation.'" *Id.* (quoting *Turner v. First Wis. Mortgage Trust*, 454 F. Supp. 899, 913 (E.D. Wis. 1978)).

As mentioned above, the trial court granted summary judgment in favor of appellants on all of the Wolfs' claims for damages, including the section 12.002 claim, which had already been pleaded. The trial court never expressly withdrew that ruling, nor did the Wolfs request that the trial court do so. Further, the Wolfs did not move to sever those claims and appeal the summary judgment. Thus, when the trial court certified the class, the Wolfs had no live claims for damages, including their section 12.002 claim. As appellees acknowledge, the trial court certified the class solely on a section 12.002 claim for damages.[2] Consequently, on May 1, 2013, the trial court certified a class on a cause of action that it had previously disposed of by summary judgment against the named plaintiffs on October 9, 2012.[3]

---

[2] The motion for class certification may be construed as seeking class certification on both the section 12.002 claim for damages and a request for equitable relief enjoining appellants from wrongfully claiming ownership of the mortgages, foreclosing on the class members' real property, and filing fraudulent documents in the real property records. Regardless, the trial court certified a class only on the section 12.002 claim for damages.

[3] In the Statement of Facts section of their brief, appellees note that, after the trial court granted summary judgment on the claims for damages, the Wolfs filed their live petition raising the discovery rule as responsive to appellants' statute-of-limitations defense. Appellees further note that appellants have not addressed this amendment, in either their motion to reconsider denial of summary judgment on the equitable claims or their appellate brief. Contrary to appellees' suggestion, the Wolfs had already pleaded the discovery rule before appellants moved for summary judgment and raised the issue in their summary-judgment response. Nonetheless, appellants had no reason to challenge any new allegations in the amended petition relative to a

Appellees do not dispute that the trial court granted summary judgment on the section 12.002 claim on the basis of limitations. Instead, appellees appear to urge that the summary-judgment order does not exist any longer. The crux of appellees' argument on appeal is that the trial court implicitly withdrew the summary judgment by issuing the inconsistent class certification order. We disagree. Appellees cite the principle, undisputed in this case, that a trial court may withdraw an order granting summary judgment if the party who obtained summary judgment has a fair opportunity to present evidence to the jury on the issues reinjected into the case. *See Bi–Ed, Ltd. v. Ramsey*, 935 S.W.2d 122, 123–24 (Tex. 1996) (citing *Elder Construction, Inc. v. City of Colleyville*, 839 S.W.2d 91, 92 (Tex. 1992)); *see also Rush v. Barrios*, 56 S.W.3d 88, 98–99 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Appellees further cite cases holding that a trial court implicitly modifies or withdraws a partial summary judgment if its final findings of fact and conclusions of law are inconsistent with the partial summary judgment. *See, e.g.*, *Fabio v. Ertel*, 226 S.W.3d 557, 561 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Loy v. Harter*, 128 S.W.3d 397, 409 (Tex. App.—Texarkana 2004, pet. denied)).

Appellees cite no authority, however, applying this principle when a trial court certifies a class on a claim which has already been disposed of via summary judgment. Appellees also cite nothing in the record to suggest that the trial court *sua sponte* reconsidered its grant of summary judgment on limitations. Indeed, the trial court's class certification order includes no plan for trying the statute-of-limitations defense presented by appellants. The absence of such a plan supports

---

claim that had already been disposed of via summary judgment. We disagree that amending a petition after summary judgment has been granted to make an allegation that might have defeated entitlement to summary judgment somehow revives the dismissed claim. We also note that the merits of the summary judgment are not before us, and we express no opinion on it.

our conclusion that the trial court did not reconsider its order granting summary judgment on the Wolfs' claim for damages based on the statute of limitations.

On this record, we cannot foreclose the possibility that the trial court did not intend to withdraw the summary judgment but instead simply erred by certifying a class on the dismissed claim. Accordingly, we cannot construe the class certification order as necessarily withdrawing the summary judgment. Instead, we hold that the trial court erred by certifying the class when the Wolfs had no live claim on the cause of action addressed by the certification order.

In summary, we hold that the trial court erred by certifying a class action. Accordingly, we sustain appellants' first issue, reverse the Order Granting Class Certification, and remand for further proceedings consistent with this opinion.


/s/     Ken Wise
        Justice

Panel consists of Justices McCally, Busby, and Wise.