**Affirm in part, reverse in part and remand; Opinion Filed December 11, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00918-CV

**TE LUN WANG, Appellant**
**V.**
**XIANGYU CAO, RUOTIAN LI, SI HAN AND LINGCHAO CHEN,**
**Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04995-2017**

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Evans
Opinion by Justice Myers

Te Lun Wang appeals the granting of appellees' motions to dismiss her

lawsuit under the Texas Citizens Participation Act (TCPA).[1]  Wang brings three

issues on appeal contending the trial court erred by (1) ruling on the TCPA

motions as if they were motions to dismiss under Texas Rule of Civil Procedure

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019.  Those amendments apply to "an action filed on or after" that date.  Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687.  Because the underlying lawsuit in this appeal was filed October 13, 2017, the law in effect before September 1, 2019 applies.  *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499–2500.  All citations to the TCPA are to the version before the 2019 amendments took effect.

91a; (2) granting appellees' motions to dismiss Wang's original petition under the TCPA; (3)(a) granting Xiangyu Cao, Ruotian Li, and Si Han's motion for summary judgment on Wang's amended petition, and (b) granting Lingchao Chen's motion to strike Wang's amended petition. We affirm the trial court's judgment in part and reverse in part, and we remand the cause for further proceedings.

## BACKGROUND

Wang owns residential properties that she rents to students attending the University of Texas at Dallas (UTD). Appellees are individuals who had leased or considered leasing her properties. On October 13, 2017, Wang filed suit against appellees alleging appellees had made false statements on a social media site and two other websites concerning Wang's business and her role as a landlord to renters and prospective renters. She also alleged appellees made statements about her "sexuality" and that she engaged in unspecified criminal activity. Wang also alleged that some of appellees' online statements encouraged others to commit violent criminal acts against her and that Li "encouraged others to commit sexual assault" against her. Wang brought causes of action for defamation, libel per se, gross negligence, and intentional infliction of emotional distress. Wang attached copies of the social-media and website communications to her original petition, but they were written in Chinese. Wang did not include a translation of the communications with her petition.

–2–

Chen filed a counterclaim against Wang alleging that on the day he arrived from China, he visited one of Wang's properties to consider leasing it. The bedroom did not have a door, and he told Wang he would lease the property if she installed a door. Wang refused. When Chen tried to leave, Wang blocked his way, threatened him, and demanded that he pay $525 rent before he could leave. Fearing for his safety, Chen paid her. Chen reported the incident to UTD student government, and Wang sued him shortly thereafter. Chen's counterclaim brought causes of action against Wang for false imprisonment, intentional infliction of emotional distress, and violations of the Texas Deceptive Trade Practices Act.[2]

Appellees filed motions to dismiss Wang's claims under the TCPA.[3] Appellees' asserted Wang's claims were based on, related to, or were in response to appellees' exercise of the right of association and free speech.[4] Wang filed a response asserting appellees failed to meet their burden of proving Wang's lawsuit was based on, related to, or in response to appellees' exercise of their rights. Wang did not present evidence of her claims beyond her petition. Following a hearing on the motions to dismiss, the trial court dismissed Wang's claims and awarded

---

[2] During oral argument before this Court, Wang's counsel stated that Chen lost on the counterclaim and that Wang prevailed.

[3] Cao, Li, and Han joined one motion to dismiss, and Chen filed a separate motion to dismiss.

[4] Appellees mentioned the right to petition in their motions to dismiss, but they presented no substantive argument that appellees' claims were based on, related to, or in response to their exercise of the right to petition.

appellees their attorney's fees. This order was interlocutory because of Chen's pending counterclaim.

Wang then filed an amended petition providing greater detail about appellees' statements. Cao, Li, and Han moved for summary judgment, asserting that Wang's amended petition was barred by res judicata. Chen moved to strike Wang's amended petition, asserting the claims were barred by res judicata and because they were previously resolved by the court's rulings. The trial court granted the motion for summary judgment and Chen's motion to strike the amended petition. The court severed Wang's claims from Chen's counterclaim, which made the dismissal of Wang's claims final.

## TEXAS CITIZENS PARTICIPATION ACT

The TCPA's purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. The Act protects citizens from retaliatory lawsuits that seek to silence or intimidate them from exercising their rights in connection with matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).

The TCPA permits a party to file a motion to dismiss a "legal action" if it is based on, related to, or in response to the movant's exercise of the right of free

–4–

speech, right to petition, or right of association. CIV. PRAC. § 27.003(a); *see Lipsky*, 460 S.W.3d at 586. This summary procedure requires a trial court to dismiss suits, or particular claims within suits, that demonstrably implicate those statutorily protected rights unless the nonmovant makes a prima facie showing that its claims have merit. *Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016); *see* CIV. PRAC. § 27.005(b).

The TCPA's dismissal procedure has three steps. First, the movant for dismissal must prove by a preponderance of the evidence that the legal action is based on, related to, or in response to the movant's exercise of the right of free speech, the right of association, or the right to petition. CIV. PRAC. § 27.005(b). "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). If the movant does not meet this burden, the motion to dismiss fails.

Second, if the movant satisfies the first step, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim. CIV. PRAC. § 27.005(c). If the nonmovant fails to meet this burden, the trial court must dismiss the claim. *Id.* § 27.005(b), (c).

Third, if the nonmovant meets its burden under step 2 and the movant has asserted a defense, to prevail on the motion to dismiss, the movant must establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claims. *Id.* § 27.005(d).

We review de novo a trial court's determinations of whether the parties met their burdens of proof under the statute. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *Dyer v. Medoc Health Servs.*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). We consider the pleadings and opposing affidavits in the light most favorable to the nonmovant. *Dyer*, 573 S.W.3d at 424.

Appellees argue that their communications for which Wang sued them implicate their free speech and association rights.

The TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." Civ. Prac. § 27.001(3). "'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *Id.* § 27.001(2).

"'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). Appellees' online statements are electronic communications under the TCPA.

"'Matter of public concern' includes an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7). "The words 'good, product, or

service in the marketplace' . . . do not paradoxically enlarge the concept of 'matters of public concern' to include matters of purely private concern. . . . [T]he 'in the marketplace' modifier suggests that the communication must have some relevance to a public audience of potential buyers or sellers." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134 (Tex. 2019).

## TCPA MOTIONS TO DISMISS

In her second issue, Wang contends the trial court erred by granting appellees' motions to dismiss Wang's claims under the TCPA.

### Step 1

We first consider whether appellees met their burden of proof under step 1. To comply with step 1, appellees had to prove by a preponderance of the evidence that Wang's claims were based on, related to, or in response to appellees' exercise of a protected right. *See* CIV. PRAC. § 27.05(b).

### *Specificity of the Speech*

Wang argues there is insufficient evidence to show the contents of appellees' speech on which her suit was based. Therefore, she asserts, the preponderance of the evidence does not prove her suit was based on, related to, or in response to communications constituting the exercise of the right of free speech or association. She argues that her petition does not show the contents of appellees' communications and that the petition says only that "[Appellees] made defamatory statements about [Wang], which were untrue and disparaging, and therefore

–7–

damaged [Wang's] reputation and caused other damages," and that "[Wang] has been placed in fear for her safety by some of the comments, which encourage others to commit violent, criminal acts against [her]."

We disagree that the evidence is insufficient to determine the contents of the speech to apply the TCPA. Besides the quotations above, Wang's petition also states she "is a landlord that owns rental properties" and that she "specifically advertises to and rents to UTD students." The petition then states:

> Most of the Defendants [appellees] have been residential tenants of Plaintiff [Wang]. On or about September 8, 2017, Plaintiff became aware that Defendants had made false statements of fact regarding Plaintiff's role as a landlord and Plaintiff's business and had provided false information to prospective renters through multiple online mobile applications . . . . These false statements were memorialized and published by Defendants. . . . Plaintiff has also been placed in fear for her safety by some of the comments, which encourage others to commit violent, criminal acts against Plaintiff.
>
> . . . .
>
> . . . Further, statements regarding Plaintiff's sexuality and the allegation of criminal conduct are considered *libel per se* under Texas law.
>
> . . . .
>
> . . . Li encouraged and incited others to commit sexual assault against Plaintiff.

These excerpts from Wang's petition show her suit was based on appellees' speech on "online mobile applications" in several categories:[5]

1. appellees' communications about Wang's role as a landlord and her business renting properties that she advertises and rents to UTD students;

2. appellees' communications about Wang's criminal activity;

3. appellees' communications about Wang's sexuality;

4. appellees' communications "encourag[ing] others to commit violent, criminal acts against [Wang]"; and

5. Li's communications that "encouraged and incited others to commit sexual assault against [Wang]."

Chen's counterclaim provides additional, specific evidence concerning Wang's actions. He alleged he reported to UTD's student government that when viewing one of Wang's properties, she threatened him and would not let him leave until he paid her $525. He alleged she filed suit against him shortly after he reported her actions to the student government.

These allegations in Wang's petition and Chen's counterclaim are sufficient to determine whether the communications for which Wang sued appellees involved appellees' exercise of the right of free speech or association.[6]

---

[5] Wang argues that this case is similar to *Bacharach v. Doe*, No. 14-14-00947-CV, 2016 WL 269958 (Tex. App.—Houston [14th Dist.] Jan. 21, 2016, no pet.) (mem. op.). There, the plaintiff alleged the suit was based on the defendant's "threatening, racist, and harassing phone calls" to the plaintiff, the defendant's calls to others making "defamatory and blatantly false accusations," and the defendant's "disseminating defamatory written materials about him by mail." *Id.* at *1. The defendant moved to dismiss under the TCPA. The court of appeals determined the plaintiff's petition did not provide sufficient evidence of the contents of the communications for the defendant to meet his burden under step 1 of the TCPA. *See id.* at *2–3. In this case, however, Wang's petition provides evidence showing the contents of some of the communications sufficient to apply step 1 of the TCPA.

*Appellees' Denial of the Communications*

Wang also argues that the TCPA does not apply because appellees denied making the communications. The Texas Supreme Court rejected an identical argument in *Hersh v. Tatum*. There, the supreme court stated, "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh*, 526 S.W.3d at 467. When it is clear from the plaintiff's petition that the claims are based on, related to, or in response to communications meeting the definitions of the exercise of the right of free speech, the right of association, or the right to petition, the defendant has met its burden under section 27.005(b), regardless of whether the defendant has admitted or denied making the communication. *Id.* In this case, Wang alleged appellees "had made false statements of fact." Thus, Wang's petition established that her claims were based on, related to, or in response to appellees' communications. We next

---

[6] Besides the facts set out in Wang's petition and Chen's counterclaim, which are evidence under section 27.006(a), Wang included additional facts in her responses to the motions to dismiss. Cao, Li, and Han included additional facts in their verified motion to dismiss. Wang's unverified response to the motion to dismiss is not a pleading or an affidavit, so it is not evidence in a TCPA proceeding. *Cf. MacFarland v. Le–Vel Brands LLC*, No. 05-16-00672-CV, 2017 WL 1089684, at *17 (Tex. App.—Dallas Mar. 23, 2017, no pet.) (mem. op.) (TCPA motion to dismiss was not "part of any pleading or affidavit" and was not evidence under section 27.006(a)). We need not determine in this case whether a verified motion to dismiss constitutes an affidavit under section 27.006(a). *Cf. Evans v. MIPTT, L.L.C.*, No. 01-06-00394-CV, 2007 WL 1716443, at *5 (Tex. App.—Houston [1st Dist.] June 14, 2007, no pet.) (mem. op.) (verified response to motion for summary judgment was not summary judgment evidence); *Mount v. Trinity Indus., Inc.*, No. 05-91-01902-CV, 1992 WL 352861, at *3 (Tex. App.—Dallas Nov. 19, 1992, writ denied) ((not designated for publication) (same). The consideration of the facts asserted in the motions to dismiss and Wang's unverified responses to the motions would not change the result of this case.

–10–

consider whether those communications constituted the exercise of the right of free speech or association.

*Right of Free Speech*

Wang argues that appellees failed to carry their burden of proving by a preponderance of the evidence that Wang's claims were based on, related to, or in response to their exercise of the right of free speech.

To constitute the exercise of the right of free speech under the TCPA, appellees' communications had to be related to a matter of public concern, which "includes an issue related to (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." CIV. PRAC. § 27.001(7).

Wang argues appellees' motions to dismiss are defective because they were not supported by affidavits, nor did they make any arguments explaining why the communications were made in connection with a matter of public concern. At the hearing, the trial court took judicial notice of the pleadings, and the parties discussed the facts set forth in Wang's petition. We conclude Wang's petition and Chen's counterclaim were evidence before the trial court at the hearing on the motions to dismiss. *See Hersh*, 526 S.W.3d at 467 (in determining TCPA motion to dismiss, section 27.006(a) requires that trial court must "consider the pleadings").

We conclude the trial court did not err by determining appellees met step 1 as to Wang's claims concerning appellees' communications about Wang's business and role as a landlord of rental properties and appellees' communications about Wang's criminal activities. Wang's petition provided evidence that her suit was based on, related to, or in response to appellees' communications on these subjects. Chen's counterclaim provided additional evidence about his communications concerning the condition of one of the properties and Wang's actions as a landlord. The communications about Wang's business and role as a landlord were related to a good, product, or service in the marketplace, the renting of residences Wang advertised to UTD students. To the extent appellees' communications concerned the properties advertised and rented to students and Wang's actions as a landlord of those properties, the communications were not about a purely private concern but had "some relevance to a public audience of potential buyers or sellers." *Creative Oil*, 591 S.W.3d at 134; *see also Hersh*, 526 S.W.3d at 467 ("When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more.").

Similarly, the allegations in Wang's petition that appellees communicated about Wang's "criminal conduct" are related to the safety of the students Wang might rent to as well as to a good, product, or service in the marketplace. Chen's allegations of false imprisonment and intimidation by Wang when he visited one of her properties, which he reported to the UTD student government shortly before

–12–

Wang filed suit, also present evidence that appellees' communications about Wang's criminal conduct were related to safety and a good, product, or service in the marketplace.

However, the record does not show, and appellees' have not explained, how their communications about Wang's sexuality and their encouraging violence including sexual assault against Wang were related to an issue of public concern.

*Right of Association*

Having concluded that Wang's claims concerning appellees' communications regarding Wang's role as a landlord, her business of renting properties to students, and her criminal acts were based on, related to, or in response to appellees' exercise of the right of free speech, we need not consider whether those communications constituted the exercise of the right of association. Therefore, we limit our consideration of whether appellees' communications constituted the right of association to Wang's claims concerning appellees' communications about Wang's sexuality and appellees' encouraging violence against Wang.

In the TCPA, the exercise of the right of association "means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." CIV. PRAC. § 27.001(2). Appellees do not explain in their motion to dismiss what their common interest is in Wang's sexuality or in encouraging others to commit violence including sexual assault

–13–

against her.  Nor does the evidence before the trial court show appellees had any common interest concerning those matters.  Accordingly, we conclude appellees did not meet step 1 under the TCPA regarding Wang's claims concerning appellees' communications about her sexuality and encouraging others to commit acts of violence against her.

**Step 2**

Under step 2 of the TCPA, for each claim that meets step 1, the nonmovant must establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question."  CIV. PRAC. § 27.005(c).  A prima facie case is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true."  *Lipsky*, 460 S.W.3d at 590.

In this case, Wang made no attempt to establish a prima facie case of her claims concerning appellees' communications about her business and role as a landlord and her criminal acts.  Instead, her response to the motions to dismiss asserted appellees failed to meet their burden of proof under step 1, so "there is no requirement that [Wang] establish by clear and convincing evidence a prima facie case for each essential element" of her claims.

Moreover, the evidence before the trial court, the parties' pleadings, did not provide clear and specific evidence of Wang's claims.  The claims were for business disparagement (Wang's business and role as landlord), personal

defamation and libel per se (Wang's sexuality and criminal conduct), negligence, and intentional infliction of emotional distress.

*Business Disparagement and Defamation*

"To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Lipsky*, 460 S.W.3d at 592. The elements of defamation include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *Id.* at 593. The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. *Id.*

Wang brought causes of action labeled "Defamation and Libel Per Se as to All Defendants" and "Defamation as to All Defendants." Wang did not bring separate causes of action for business disparagement and personal defamation.

Wang's "Defamation and Libel Per Se as to All Defendants" cause of action alleged:

> As more fully set forth above, Defendants made defamatory statements about Plaintiff, which were untrue and disparaging, and therefore damaged Plaintiff's reputation and caused other damages. The defamatory language was clear and reasonably capable of only one meaning. The defamatory language was for no purpose other than to injure Plaintiff's reputation, expose her to public scrutiny, contempt

or ridicule, impeach her honesty, integrity, virtue or reputation and to cause her harm.

Defendants' statements were not privileged in any way. Further, statements regarding Plaintiff's sexuality and the allegation of criminal conduct are considered *libel per se* under Texas law. The statements were published on paper and were accessible to multiple parties. As a direct and proximate result of Defendant's defamatory statements, Plaintiff has been damaged, and such damages were proximately caused by Defendant's libel.

Further, Defendants' malicious and intentional acts against Plaintiff impose liability for punitive damages as they were performed with malice and with knowledge of the actual truth. Plaintiff has suffered substantial injury as a result of Defendant's defamatory statements, including but not limited to, injury to character and reputation, mental anguish, loss of past and future income and loss of earning capacity.

Wang's "Defamation as to All Defendants" cause of action alleged:

Defendants negligently or maliciously published false, defamatory statements of fact about Plaintiff in the form of Exhibit 1.

Plaintiff has suffered substantial injury as a result of Defendants' defamatory statements, including but not limited to, injury to character and reputation, mental anguish, loss of past and future income and loss of earning capacity.

To meet her burden of proof for business disparagement, Wang had to present some evidence of damages. General averments of direct economic losses and lost profits, without more, do not satisfy the minimum requirements of the TCPA. *Id.* Wang has not provided any more than a general averment of "loss of past and future income and loss of earning capacity." These conclusory statements do not meet the requirement of clear and specific evidence of the essential

–16–

elements of the cause of action. We conclude Wang has not met her burden of proof under step 2 for her claim of business disparagement.

To meet her burden of proof for personal defamation, Wang had to present evidence that appellees published the communications negligently or maliciously. *Id.* For negligence, the plaintiff must prove the publisher knew or should have known that the defamatory statement was false. *Neely v. Wilson*, 418 S.W.3d 52, 72 (Tex. 2013). Malice means that the statement was made with knowledge of its falsity or with reckless disregard for its truth. *Lipsky*, 460 S.W.3d at 593. "[G]eneral allegations that merely recite the elements of a cause of action—will not suffice. Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 590–91. In this case, Wang's petition states that appellees' published statements were false and that appellees' published them "negligently or maliciously," but the petition provides no more information. Wang's gross negligence cause of action (discussed below) sets forth the elements of gross negligence but provides no facts in support of it. None of the factual allegations in the petition demonstrate that appellees acted negligently or with malice. Wang's bare allegations of negligence and malice are too conclusory to constitute a prima facie case by clear and specific evidence of these essential elements. *See id.* at 592 ("Bare, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA."); *see also Novosad v. LSG Vodka*

–17–

*LLC*, No. 03-18-00804-CV, 2020 WL 4726599, at \*9 (Tex. App.—Austin July 31, 2020, no pet.) (mem. op.) (conclusory statement that "[defendant] negligently or maliciously published false, defamatory statements of fact about [plaintiff]" did not meet clear and specific evidence requirement of TCPA). We conclude Wang has not met her burden of proof under step 2 for her claim of defamation.

## Gross Negligence

Wang also alleged that all appellees were grossly negligent. The elements of gross negligence are an act or omission involving an extreme degree of risk, the actor had actual, subjective awareness of the risk involved, but the actor nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others, and the act or omission proximately caused plaintiff's damages. *See Medina v. Zuniga*, 593 S.W.3d 238, 247–48 (Tex. 2019); *see also Ochoa-Bunsow v. Soto*, 587 S.W.3d 431, 444 (Tex. App.—El Paso 2019, pet. denied) ("Proximate cause is also an element of a claim for gross negligence."). Wang's petition alleges:

> Defendants were aware of the risk of harm from their publication of false statements about Plaintiff. Although aware of the risk of harm, they acted with conscious indifference to that risk and with malice toward Plaintiff and nevertheless continued to publish the false statements. As a direct and proximate cause of their actions, they are liable to Plaintiff for punitive damages. Plaintiff has suffered substantial injury as a result of Defendants' defamatory statements, including but not limited to, injury to character and reputation, mental anguish, loss of past and future income and loss of earning capacity.

–18–

For the most part, the petition merely restates the elements of gross negligence, which does not constitute a prima facie case by clear and specific evidence of the elements. *See Lipsky*, 460 S.W.3d at 590–91. None of the evidence before the trial court explained how appellees were subjectively aware of the risk of harm to Wang from their communications about Wang's role as a landlord and renting properties or how those communications caused the injuries Wang listed. We conclude the trial court did not err by determining Wang failed to meet her burden under step 2 as to her claim of gross negligence concerning these communications.[7]

*Intentional Infliction of Emotional Distress*

Wang also alleged a claim of intentional infliction of emotional distress against all defendants and a separate claim against Li only. The elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Wang alleged:

> Plaintiff continues to suffer severe emotional distress because of Defendants' extreme and outrageous conduct. Defendants

---

[7] To the extent that Wang's gross negligence claim included appellees' communications about her sexuality and encouraging others to harm her, appellees failed to meet their burden under step 1. Therefore, we do not consider whether Wang met her burden under step 2 concerning that part of her gross negligence claim.

intentionally or recklessly made statements that created a high degree of risk of harm, yet deliberately proceeded to act with conscious disregard or indifference to the risk. Defendant's conduct proximately caused Plaintiff's emotional distress.

These allegations do no more than restate the elements of the cause of action, and they are insufficient to constitute a prima facie case by clear and specific evidence of the essential elements of Wang's claim. *See Lipsky*, 460 S.W.3d at 590–91. Wang does not explain how appellees' communications constituting the exercise of the right of free speech—the communications about Wang's business of renting properties, her role as a landlord, and her criminal acts—were extreme and outrageous, or how they created severe emotional distress. Therefore, the trial court did not err by determining Wang had not met her burden under step 2 as to this cause of action.

Wang also alleged a cause of action for intentional infliction of emotional distress against Li. The petition states Li's conduct under this cause of action was his encouraging and inciting others to commit sexual assault against Wang. As discussed above, Li did not meet his burden under step 1 of proving these communications constituted the exercise of the right of free speech or association. Therefore, Wang did not have to present a prima facie case by clear and specific evidence for this cause of action.

## The Translation of the Communications

Wang argues on appeal that she was not given an opportunity to meet her burden of proof because the trial court granted the motions to dismiss before any evidence other than the pleadings was presented. Wang states her attorney told the trial court that he had a certified translation of the Chinese-language communications available and that he was going to present the translation, but the court granted the motions to dismiss without considering the translation. The record of the hearing shows Wang's counsel told the trial court he had a certified translation, but he did not offer it into evidence. Nothing in the record shows the trial court prevented Wang's counsel from offering the translation into evidence, and the record contains no evidence of that translation.[8] We conclude Wang has not shown she was not given an opportunity to meet her burden of proof. Furthermore, Wang's attorney did not object to the trial court's failure to consider the certified translation he said he had with him at the hearing, so Wang did not preserve any error from the trial court's ruling on the motions before he offered the translation into evidence. *See* TEX. R. APP. P. 33.1(a).

## Conclusion

Wang's petition established that her claims were based on, related to, or in response to appellees' communications about Wang's role as a landlord, her

---

[8] There is a certified translation of the communications in the clerk's record, but that translation is dated two months after the hearing on the motions to dismiss. Therefore, it cannot be the translation Wang's counsel mentioned at the hearing.

business of renting properties to students, and her criminal conduct, and those communications constituted the exercise of the right of free speech. Wang did not present clear and specific evidence of the essential elements of her claims concerning these communications. Therefore, the trial court did not err by granting appellees' motions to dismiss concerning these claims.

However, appellees failed to prove that their communications concerning Wang's sexuality and their communications encouraging others to commit acts of violence including sexual assault against Wang were the exercise of the right of free speech or association. Therefore, the trial court erred by granting appellees' motions to dismiss as to Wang's claims that were based on, related to, or in response to these communications.[9]

We sustain Wang's second issue in part and overrule it in part.

## RULE 91A

In her first issue, Wang contends "the trial court erred by ruling on the TCPA motions as if they were rule 91a motions." Rule of Civil Procedure 91a provides that "a party may move for dismissal of a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a. Wang asserts the trial court's granting the motions to dismiss was not based on the TCPA but was under

---

[9] We do not reach step 3 in this case because Wang had no claims that satisfied step 2 and because appellees' presented no evidence of any defense. *See* CIV. PRAC. § 27.005(d).

Rule 91a because Wang did not provide the court with a certified translation of the Chinese-language communications.

No party moved for dismissal under Rule 91a. The court stated at the hearing on the motions to dismiss that the motions were granted because "as it is currently submitted, it just doesn't reach the level of anything, so it's dismissed." Wang argues that the trial court's statement shows the suit was dismissed because the court concluded her claims had no basis in law or fact and not because of the TCPA. We disagree. Wang's original petition and Chen's counterclaim were the only evidence presented at the hearing on the motions to dismiss. As discussed above, the trial court could conclude the evidence failed to meet the requirement of "establish[ing] by clear and specific evidence a prima facie case for each essential element" of some of Wang's claims. *See* CIV. PRAC. § 27.005(c).

Even if the trial court had "rul[ed] on the TCPA motions as if they were rule 91a motions," Wang is not entitled to reversal unless the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a). Our review of the trial court's ruling on the TCPA motions to dismiss is de novo. Therefore, to show the trial court's ruling was erroneous, Wang must show the trial court's ruling was erroneous in applying the TCPA. Wang has done so in part, and we have sustained Wang's second issue as to part of her claims. Wang does not explain how any error by the trial court concerning Rule 91a created any reversible error beyond the error we have sustained in Wang's second issue.

–23–

We overrule Wang's first issue.

## WANG'S AMENDED PETITION

At the hearing on the TCPA motions to dismiss, the court told Wang, "what you do from here, whether you re-file or not . . . ." Over six months later, Wang filed a motion to reconsider the order dismissing her claims under the TCPA. Wang also filed a motion for leave to file an amended petition, quoting the trial court's statement. At the hearing on Wang's motions to reconsider and for leave to file the amended petition, the trial court denied the motion to reconsider but granted the motion for leave to file the amended petition. The trial court stated, "technically if you're going to file a first amended petition, because I've already dismissed those defamation claims, . . . they could technically have to be new claims."

The amended petition appears to present the same causes of action[10] but with more specific facts about the statements appellees made. The additional facts listed a third website, not listed in Wang's original petition, on which appellees' communications were published. The amended petition does not identify which statements came from which social media and internet sites.

---

[10] The amended petition presented Wang's "Defamation and Libel Per Se" claims under a single heading and combined the claim for intentional infliction of emotional distress against Li into the cause of action for intentional infliction of emotional distress against the other defendants.

Chen moved to strike the amended petition, stating that the amended petition "mirrors" the prior petition and claims that were dismissed under the TCPA. Chen asserted that "[r]es judicata, therefore, should be applied to bar the Plaintiff from violating the rights of the Defendants[.]" Cao, Li, and Han also filed a motion to strike the amended petition (which the trial court did not rule on) and a motion for summary judgment asserting the ground of res judicata. At the hearing on appellees' motions to strike the amended petition, Wang's attorney described the amended petition as "the exact same petition. It just had more facts and we had filed a certified translation with the Court at that time. . . . The claims are the same but there is a whole new set of facts added."

At the hearing on the motions to strike, the trial court told the parties that at the hearing on the motion for leave to file the amended petition, the court did not compare the original petition to the amended petition before granting Wang leave to file the amended petition. The court stated, "the fact that I granted it [the motion for leave to file the amended petition] had nothing to do with the merits of what was in the First Amended Petition. It's just I granted it because I told you I would give you the opportunity." The court granted Chen's motion to strike Wang's amended petition and Cao, Li, and Han's motion for summary judgment.

Wang asserts in her third issue that the trial court erred by granting Cao, Li, and Han's motion for summary judgment and Chen's motion to strike the amended

petition. We need not decide this issue because it is not necessary for disposition of the appeal. *See* TEX. R. APP. P. 47.1.

Wang's claims are virtually the same under the original and the amended petitions. Both allege the same causes of action based on what appear to be the same underlying facts. The original petition generally described appellees' communications while the amended petition provides more specific detail, quoting in English appellees' communications. The damages alleged in both petitions are identical. We have already ruled that the trial court erred in granting the motion to dismiss as to Wang's claims concerning appellees' statements about Wang's sexuality and encouraging violence against her. Similarly, we have ruled that the trial court did not err in granting the motion to dismiss Wang's claims concerning appellees' statements about her actions as a landlord, her business of leasing housing to students, and her criminal acts. Those claims were determined on the merits by the order granting the motion to dismiss, and Wang's filing an amended pleading alleging those same claims did not revive them. *Cf. Breitling Oil & Gas Corp. v. Petroleum Newspapers of Alaska, LLC*, No. 05-14-00299-CV, 2015 WL 1519667, at *3 (Tex. App.—Dallas Apr. 1, 2015, pet. denied) (mem. op.) (dismissal under TCPA is on the merits and therefore with prejudice); *Wells Fargo Bank, N.A. v. Wolf*, 444 S.W.3d 685, 689 n.3 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (amending a petition after summary judgment has been granted does not revive a claim dismissed by the summary judgment). Our remand

of the claims not barred by the TCPA is a general one; therefore, Wang will have the opportunity to amend her petition. *See Mattox v. Cty. Comm'rs' Court*, 389 S.W.3d 464, 474 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (following general remand, "parties were free to raise new issues and arguments"); *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 735 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (on remand following court of appeals' reversal of summary judgment on some of counterplaintiff's claims, counterplaintiff "was free to amend its pleadings to add new claims or parties, except as to those claims on which we rendered summary judgment in [counterdefendant's] favor"). Because Wang will have the opportunity to amend her petition on remand, whether the trial court erred by granting the motion for summary judgment on the amended petition and the motion to strike the amended petition does not affect the disposition of this appeal. Accordingly, we need not address this issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment dismissing Wang's claims concerning appellees' statements about Wang's sexuality, their statements that encourage others to commit violent, criminal acts against her, and that encouraged and incited others to commit sexual assault against her. In all other respects, we affirm the

trial court's judgment. We remand the case to the trial court for further proceedings consistent with this opinion.


                                  /Lana Myers/
                                  LANA MYERS
                                  JUSTICE

190918F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TE LUN WANG, Appellant

No. 05-19-00918-CV      V.

XIANGYU CAO, RUOTIAN LI, SI HAN AND LINGCHAO CHEN, Appellees

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-04995-2017.

Opinion delivered by Justice Myers. Justices Nowell and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dismissing appellant Te Lun Wang's claims based on appellees' communications concerning appellant's sexuality and appellees' communications threatening acts of violence against appellant and/or encouraging others to commit acts of violence including sexual assault against appellant. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 11th day of December, 2020.